## GENERAL COURT, OCTOBER TERM, 1802.

### STONE vs. RAFTER.

The defendant
may, in an action
of *assumpsit* for
money had and
received, give in
evidence an ac-
count in bar
without pleading
it in discount or
filing it.
An *account in
bar* or *set off* is
inadmissible in
evidence in an
action of *assump-
sit* on a *special
agreement*.

ASSUMPSIT, and the declaration contained *two counts*, one for *money had* and *received*, and the other on a *special agreement*. The special count stated— That on the 22d February 1797, the defendant sold to the plaintiff the land lying in *Allegany* and *Washington* counties, which he the defendant had purchased of *Michael Bidenger*, supposed to contain six and three quarter acres, being the same land on which the mills are erected, and where the defendant then resided; that the defendant, by a writing under his hand and seal, obliged himself to convey, or cause to be conveyed the said land, together with the mills and improvements, unto the plaintiff, in fee simple, clear of incumbrances; and that the plaintiff did then, in consideration thereof, pay to the defendant 295*l* 2s 6*d* current money, in part of the purchase of said land and premises. That the defendant had not conveyed the said land, &c. according to the said agreement. The

*breach* assigned was that the defendant had not paid the money nor conveyed the land, &c. The defendant pleaded *non assumpsit*, and issue was joined. The case came on for trial at the last term, when

1. The plaintiff offered in evidence to the jury, the contract referred to in the second count in the declaration, and that he had paid to the defendant the sum of 295*l* 2*s* 6*d* current money on the 22d of February 1797, on account of the property mentioned in the said contract, and that the defendant had no title to the said property, and had not conveyed the same to the plaintiff.

The defendant then gave evidence to the jury, that he had served the plaintiff as a manager of a place belonging to the plaintiff, three years, and that his services were reasonably worth £75 current money per year, during that time; and that he had advanced divers sums of money to different persons for work and labour done by them on the property of the plaintiff; and for provisions furnished for the slaves and stock of the plaintiff, on his said place, where the defendant was manager. Whereupon the plaintiff's counsel objected, that no such testimony could be admitted, the defendant not having pleaded the same in discount, nor filed an account in bar, and referred the court to the act of 1785, *ch.* 46, *s.* 7.

BUT THE COURT, [*Chase,* Ch. J. and *Duvall* J(a)] were of opinion, that the same was proper evidence on the count for *money had and received,* and admitted it to be given to the jury. They cited *Moses vs. Macferlan,* 2 *Burr.* 1010.

A JUROR was withdrawn, (on the motion of the counsel of the defendant for leave to amend,) and an *account in bar* was filed, and the cause continued until this term, when a jury was again sworn.

2. *Mason* for the defendant, then offered in evidence the account in bar which he had filed at the last term. *Shaaff*, for the plaintiff, objected, and contended that this was not such an action to which the defendant could plead *a discount in bar*, and he referred to the act of 1785, *ch.* 46, *s.* 7, and *Espinasse* 243. He

(a) *Done,* J. did not attend.

An *account in bar* or *set off* is inadmissible in evidence in an action of *assumpsit* on a *special agreement*.

admitted the defendant might plead a *set off* to the first count, and that filing an account in bar, and pleading a set off, were the same thing; but that to the second count a set off could not be pleaded.

*Mason* contended, that the defendant could plead a set off, and that his account in bar was admissible in evidence to the second count in the declaration, as well as to the first—the words of the *7th section* of the act of 1785, *ch*. 46, being abundantly large to comprehend this case. That the plaintiff's suit was for money, and to such an action a discount in bar could be pleaded.

THE COURT, [*Duvall* and *Done*, J. *(a)*] decided, that the account in bar was inadmissible as evidence on the second count in the declaration.

*(a) Chase*, Ch. J. absent.